UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED IN OPEN COURT
10-20-08
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES OF AMERICA

v.                                                    CASE NO. 3:08-cr-314-J-34MCR

MATTHEW S. ORTH

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Robert E. O'Neill, United States Attorney for the Middle District of Florida, and the defendant, Matthew S. Orth, and the attorney for the defendant, W. Charles Fletcher, mutually agree as follows:

A.  **Particularized Terms**

   1.  **Count(s) Pleading To**

   The defendant shall enter a plea of guilty to Counts One and Two of the Indictment. Count One charges the defendant with transportation of child pornography in interstate and foreign commerce, in violation of 18 U.S.C. §2252(a)(1). Count Two charges the defendant with possession of obscene visual representations of the sexual abuse of children within the special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. §1466A(b)(1).

Defendant's Initials _____                                      AF Approval _____

2. **Minimum and Maximum Penalties**

Count One is punishable by a mandatory minimum term of imprisonment of 5 years up to a term of 20 years, a fine of $250,000, a term of supervised release of at least 5 years and up to life, and a special assessment of $100, said special assessment to be due on the date of sentencing.  Count Two is punishable by a term of imprisonment of up to 10 years, a fine of $250,000, a term of supervised release of at least 5 years and up to life, and a special assessment of $100, said special assessment to be due on the date of sentencing.  The cumulative penalties for Counts One and Two are a term of imprisonment of at least 5 years and up to 30 years, a fine of $500,000, a term of supervised release of at least 5 years and up to life, and a special assessment of $200.

3. **Elements of the Offenses**

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count One are:

| | |
|---|---|
| First: | That the defendant knowingly transported a visual depiction in interstate or foreign commerce by any means, including by computer; |
| Second: | That the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct; |
| Third: | That such visual depiction is of a minor engaged in sexually explicit conduct; and |
| Fourth: | That the defendant knew that at least one of the performers in such visual depiction was a minor and knew that the visual depiction was of such minor engaged in sexually explicit conduct. |

Defendant's Initials     2

The elements of Count Two are:

First: The defendant knowingly possessed a visual depiction of any kind;

Second: The visual depiction depicts a minor engaging in sexually explicit conduct;

Third: The visual depiction is obscene;

Fourth: The defendant knew at the time of his possession the general nature of the contents of the visual depiction; and,

Fifth: The visual depiction involved in the offense were possessed while in the special maritime and territorial jurisdiction of the United States.

4. **Counts Dismissed**

At the time of sentencing, the remaining count against the defendant, Count Three, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5. **No Further Charges**

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement related to the conduct giving rise to this plea agreement.

6. **Concurrent Sentences**

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the appropriate disposition of this case is a sentence in which the sentences to be imposed on each count shall run concurrent to each other, provided, however, that the Court may impose a commitment sentence as to Count One to be followed by probation as to Count Two for a period not

Defendant's Initials     3

to exceed five years, which probation shall be subject to the standing terms and conditions of probation normally imposed in this Court, plus such special conditions as the Court in its discretion may see fit to impose.

7. **Guidelines Sentence**

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

8. **Acceptance of Responsibility - Three Levels**

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b), the United States agrees to file a motion pursuant to

Defendant's Initials                 4

USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9. **Forfeiture of Assets**

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253 and 18 U.S.C. § 1467, whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees. The assets to be forfeited specifically include, but are not limited to, the following:

    a. one (1) Hewlett Packard Pavilion laptop computer, serial number CND531OBTF;

    b. one (1) Western Digital external 120GB hard drive, serial number WCAMR3723797;

    c. one (1) Hewlett Packard external 160GB media drive, serial number CNU54404G5;

    d. one (1) San Disk 2GB Pro Duo memory stick; and

    e. one (1) Dane Electric 2 GB thumb drive.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant also hereby agrees that the forfeiture described herein is not excessive and,

Defendant's Initials     5

in any event, the defendant waives any constitutional claims that the defendant may have that the forfeiture constitutes an excessive fine.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to the provisions of Rule 32.2(b)(1), the United States and the defendant request that at the time of accepting this plea agreement, the court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offense(s) to which defendant is pleading guilty and enter a preliminary order of forfeiture. Pursuant to Rule 32.2(b)(3), the defendant agrees that the preliminary order of forfeiture shall be final as to the defendant at the time it is entered, notwithstanding the requirement that it be made a part of the sentence and be included in the judgment.

The defendant agrees to forfeit all interests in the properties described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Defendant further agrees to take all steps necessary to locate property and to pass title to the United States before the defendant's sentencing. To that end, defendant agrees to fully assist the government in the recovery and return to the United States of any assets, or portions thereof, as described above wherever located. The defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control and those which are held or controlled by a nominee. The

Defendant's Initials _____          6

defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.

The defendant agrees that the United States is not limited to forfeiture of the property described above. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. This Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

10.  **Sex Offender Registration and Notification**

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the

Defendant's Initials ___         7

names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**B.     Standard Terms and Conditions**

    1.     **Restitution, Special Assessment and Fine**

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987), including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

Defendant's Initials      8

2. **Supervised Release**

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. **Sentencing Information**

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office or any victim named in an order of restitution, or any other source, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations

Defendant's Initials 　　　　9

to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

4. **Sentencing Recommendations**

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

5. **Defendant's Waiver of Right to Appeal and Right to Collaterally Challenge the Sentence**

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the

Defendant's Initials    10

ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or © the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

6. **Middle District of Florida Agreement**

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

7. **Filing of Agreement**

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8. **Voluntariness**

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and

Defendant's Initials       11

defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

Defendant's Initials _(initials)_        12

9. **Factual Basis**

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

10. **Entire Agreement**

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _[initials]_  13

11. **Certification**

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 19th day of October, 2008.

_____
MATTHEW S. ORTH
Defendant

ROBERT E. O'NEILL
United States Attorney

By: _____
RONALD D. DESANTIS
Special Assistant United States Attorney

_____
W. CHARLES FLETCHER
Attorney for Defendant

_____
FRANK M. TALBOT
Assistant United States Attorney
Deputy Chief, Jacksonville Division

Defendant's Initials _____        14

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CASE NO. 3:08-cr-314-J-34MCR |
| MATTHEW S. ORTH | |

## **PERSONALIZATION OF ELEMENTS**

### Count One

1. Do you admit that, between on or about February 2007 and on or about August 13, 2007, you knowingly transported visual depictions in foreign commerce, that is, you transported the visual depictions contained in Count One of the Indictment from Mayport, Florida to foreign countries including Italy, Spain, Turkey and Greece?

2. Do you admit that production of the visual depictions contained in Count One of the Indictment involved the use of a minor engaging in sexually explicit conduct?

3. Do you admit that the visual depictions contained in Count One of the Indictment are of a minor engaged in sexually explicit conduct?

4. Do you admit that you knew that at least one of the performers in such visual depictions was a minor and that you knew that the visual depictions were of a minor engaged in sexually explicit conduct?

Defendant's Initials        15

## Count Two

1. Do you admit that, between on or about February 2007 and on or about August 13, 2007, you knowingly possessed visual depictions in the form of cartoons?

2. Do you admit that these cartoons depict a minor engaging in sexually explicit conduct?

3. Do you admit that the cartoons contained in Count Two of the Indictment are obscene?

4. During the time of your possession of these cartoons, do you admit that you knew the general nature of the contents of the cartoons?

5. Do you admit that you possessed these cartoons while onboard Naval Station Mayport and the U.S.S. Roosevelt (DDG-80), which are both within the special maritime and territorial jurisdiction of the United States?

Defendant's Initials                     16

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CASE NO. 3:08-cr-314-J-34MCR |
| MATTHEW S. ORTH | : |

## FACTUAL BASIS

Defendant MATTHEW S. ORTH was an enlisted sailor in the United States Navy during the 2005-2007 time period. After purchasing a Hewlett Packard Pavilion laptop computer in 2005, ORTH downloaded pornography, including visual depictions of minors engaging in sexually explicit conduct (hereinafter "child pornography"), and obscene child sex cartoons, using the wireless internet at the Single Sailor's Club onboard Naval Station (NS) Mayport and, in 2006-2007, the Comcast connection in his barracks room. ORTH stored some of the downloaded child pornography and obscenity on a Hewlett Packard external media drive, which he obtained several months after he purchased his laptop computer.

During February 2007, ORTH deployed from NS Mayport with the U.S.S. Roosevelt (DDG-80), a U.S. Navy warship, for a six-month deployment to various locations near the Mediterranean Sea, including but not limited to Italy, Spain, Greece, and Turkey. ORTH brought both his laptop computer and his external media drive with him on the deployment. Both items contained child pornography, as well as obscene child sex cartoons, and, therefore, were transported with ORTH to foreign countries via

Defendant's Initials _MO_

the Atlantic Ocean and Mediterranean Sea, two major channels of foreign commerce. During the deployment, ORTH purchased a Western Digital external hard drive, a San Disk Pro Duo memory stick, and a Dane Electric thumb drive from a store in Rota, Spain, and he transferred various images of child pornography and child sex cartoons to each of these three items--and continued traveling with these items to other foreign countries. All five pieces of computer equipment--the Hewlett Packard laptop, the Hewlett Packard external media drive, the Western Digital external hard drive, the San Disk Pro Duo memory stick, and the Dane Electric thumb drive were each used to transport and/or possess child pornography and obscene child sex cartoons.

On or about August 13, 2007, members of the Information Technology (IT) shop onboard the U.S.S. Roosevelt were conducting routine network maintenance when one of them identified two images saved on the ship's server under the password-protected profile belonging to ORTH. The two images were patently obscene cartoon depictions of minors engaging in sexually explicit conduct. The IT staff notified the ship's chain-of-command, and investigators boarded the ship shortly thereafter in Trieste, Italy. Navy investigators seized all of ORTH's electronic equipment pursuant to ORTH's consent, and initial forensic analysis revealed the existence of both child pornography and child sex cartoons on all five pieces of electronic media belonging to ORTH.

Detailed forensic analysis of ORTH's computer equipment revealed hundreds of images of child pornography, including several videos, and child sex cartoons. One video is forty-five minutes long and depicts three prepubescent females performing sexual acts on each other; another is nearly forty minutes in length and involves similar behavior by three different pre-pubescent females. Analysts discovered more than 50

Defendant's Initials _M_         2

non-video images of child pornography, including an image divided in the middle with an adult male having sexual intercourse with an adult female in the top half of the image and the same adult male having sexual intercourse with a child in the bottom half of the image with a caption stating, "See, I told you it'd be better after I practiced with your mother first." The forensic analysis further revealed hundreds of obscene child sex cartoon images, including a "Merry X-Mas" cartoon of a handcuffed female child being raped by Santa Claus, and a "Young Daughters for Dummies--a Quick Guide on Possibilities for Unexperienced (sic) Fathers" cartoon that depicts a nude prepubescent female with pointers to different areas of her body and advice on the so-called "possibilities," such as "age 0 - licking and fondling" for the child's vagina.

Regarding the subject of Count One of the Indictment, the production of the child pornography involved the use of a minor engaging in sexually explicit conduct, the child pornography depicts a minor engaging in sexually explicit conduct, and the defendant ORTH knew that at least one of the performers in such child pornography was a minor and knew that the child pornography was of such minor engaged in sexually explicit conduct.

Regarding the subject of Count Two of the indictment, the visual depictions possessed by the defendant--child sex cartoons--depicting a minor engaging in sexually explicit conduct were obscene by the standards of any community, and the defendant knew at the time of his possession the general nature of such child sex cartoons. The defendant possessed these obscene cartoons onboard NS Mayport and the U.S.S. Roosevelt, both of which are within the special maritime and territorial jurisdiction of the United States.

Defendant's Initials _____          3